629 A.2d 318

**Richard DEGROOT, Appellant,**

v.

**BOARD OF SUPERVISORS OF TOWNSHIP OF TINICUM and Nicholas Forte and Bruce Wallace and Charles Yax.**

Commonwealth Court of Pennsylvania.

Argued May 13, 1993.

Decided July 28, 1993.

Stephen A. Shelly, for appellant.

Alan Kaplan, for appellee.

Before CRAIG, President Judge, and SMITH, J., and KELTON, Senior Judge.

CRAIG, President Judge.

Richard Degroot (landowner) appeals an order of the Court of Common Pleas of Bucks County sustaining preliminary objections filed by the Board of Supervisors of Tinicum Township (board) to the landowner's complaint in mandamus against the board. This court affirms the trial court's order.

The landowner presents the following issues on appeal:

(1) Whether the trial court erred in concluding that, pursuant to section 508 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508, local planning agencies and governing bodies are *not* required to act upon applications for subdivision developments within ninety days *after a trial court has remanded the application to the local planning agency,* following review of the agency's first decision on the application;

(2) Whether Pa.R.A.P. 1736(b), which relates to an automatic supersedeas, stays all proceedings relating to an application for development when a governing body of a political subdivision files an appeal with this court of an interlocutory trial court order involving the application; and

(3) Whether the trial court erred in sustaining the board's preliminary objections and dismissing the complaint in mandamus.

## FACTS

The averments of the landowner's mandamus complaint are as follows. On November 14, 1990, the landowner filed an application for approval of a subdivision with the board. The board denied the application and the landowner appealed that denial to the trial court. On July 30, 1991, the trial court remanded the case to the Tinicum Township Planning Commission (commission) to review the application and make a record of the case for the trial court to review. The commission's *next* scheduled regular meeting after the trial court's remand order was on August 26, 1991; however, before that date, the township appealed the trial court's order to this court. On October 21, 1991 this court quashed the appeal, concluding that the trial court's remand order was interlocutory and nonappealable.

On November 26, 1991, the commission reviewed the application and made a recommendation to the board to reject the application. On December 30, 1991, the board denied the application and advised the landowner of the denial by letter dated January 13, 1992.

The landowner filed a complaint in mandamus against the board with the trial court, alleging that, after the trial court's remand, the board failed to comply with the MPC time requirements under § 508. The board filed preliminary objections to the complaint and the trial court sustained the objections and dismissed the complaint. This appeal followed.

## ANALYSIS

### 1. Section 508 of the MPC

The landowner contends that section 508 of the MPC requires the local planning agency or the governing body—whichever one makes the decision—to act upon an application for development within ninety days *after a trial court remands the application* for development to the local municipality.

Section 508 of the MPC states in pertinent part:

### § 10508. Approval of Plats

*All applications for approval of a plat* (other than those governed by article VII), whether preliminary or final, *shall be acted upon by the governing body* or the planning agency *within such time limits as may be fixed in the subdivision and land development ordinance* but *the governing body* or the planning agency *shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application)* next *following the date the application is filed,* provided that should the said next regular meeting occur more than 30 days following the filing of the application, the said 90–day period shall be measured from the 30th day following the day the application has been filed.

. . . . .

(3) *Failure of the governing body* or agency *to render a decision and communicate it* to the *applicant within the time* and in the manner *required herein shall be deemed an approval of the application* in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

(Emphasis added.)

Here, section 400(b) of the township's subdivision ordinance provides:

The review process for the plans required by the *municipality* shall extend no more than ninety days following the date of the regular meeting of the planning commission next *following the date the application is filed,* provided that should said next regular meeting occur more than 30 (thirty) days following the filing of the application, the said ninety (90) days shall be measured from the thirtieth (30)

day following the day the application has been filed. The applicant may agree to waive the time requirement.

(Emphasis added.)

■ The legislature enacted section 508 in order to remedy indecision or protracted deliberations on the part of a governing body or planning agency, and to eliminate deliberate or negligent inaction on the part of governing officials. *Mid-County Manor, Incorporated v. Haverford Township Board of Commissioners*, 22 Pa.Commonwealth Ct. 149, 348 A.2d 472 (1975).

The landowner argues that neither section 508, nor the township's ordinance distinguishes between sketch plans, preliminary plans, or final plans, and that those sections also do not distinguish between *initial filing* and *remanded applications*. The landowner asserts that section 508's ninety-day limitation is an across-the-board requirement for action on *all* submissions.

The landowner contends that the board's decision, mailed to the landowner on January 13, 1992, failed to comply with section 508 of the MPC, because that date is more than ninety days *after* both the thirtieth day following the date of the trial court's remand on July 30, 1991, and also more than ninety days after the date of the first scheduled meeting of the commission after the remand, August 26, 1991.

■ The rules of statutory construction require courts to utilize the obvious meaning of a statute, in the absence of any ambiguity in that statute. 1 Pa.C.S. § 1921(b); *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979).

■ Section 508's time provision contains no language regarding subdivision application proceedings in which a trial court *remands* to a planning agency for review and for the making of a record. That section expressly measures the time period with reference to the "date the application is filed" running to the time of the final municipality decision, in this case that of the governing body. The trial court's order for remand did not require a new application from the landowner,

and thus neither the township's ordinance nor § 508 apply in this case. Section 508 contains no language which requires the board to act on *remanded* applications within the MPC's usual ninety-day response period.

■ Mandamus is an extraordinary remedy and applies only where the plaintiff has a clear and legal right to the relief requested. *Suburban Group, Incorporated v. Gittings,* 22 Pa.Commonwealth Ct. 295, 348 A.2d 490 (1975). Because the landowner does not have a clear and legal right to the relief requested under § 508, the trial court did not err in sustaining the board's preliminary objections and dismissing the complaint.

*2. Automatic Supersedeas Under Pa.R.A.P. 1736(b)*

The board argues that, even if the ninety-day time requirement under § 508 applies to remanded applications, that period did not begin to run until October 21, 1991, the date on which this court decided that the board's appeal from the trial court's remand order was interlocutory and nonappealable, because, once the board filed an appeal to this court, Pa.R.A.P. 1736(b) stayed any action in the case until this court acted on the appeal.

However, this court will not address Pa.R.A.P. 1736(b) because this court has concluded that § 508's ninety-day time period does not apply to cases in which a trial court remands an application to the planning agency for review and to make a record, in that no such remand can be equated to the filing of an application.

Accordingly, the decision of the trial court is affirmed.

### ORDER

NOW, July 28, 1993, the decision of the Court of Common Pleas of Bucks County sustaining the Board of Supervisors of Tinicum Township's preliminary objections to the landowner's complaint in mandamus against the board, at No. 92–1446–13–5, dated November 11, 1992, is affirmed.