**JERSEY SHORE STATE BANK, Appellant,**

v.

**Charles T. BREWER.**

**JERSEY SHORE STATE BANK, Appellant,**

v.

**Edward H. KEILER and Beryl M. Keiler.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1995.

Decided Dec. 14, 1995.

---

William P. Carlucci, for appellant.

Don M. Larrabee II, for appellees.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

SMITH, Judge.

 Jersey Shore State Bank (Bank) appeals from an order of the Court of Common Pleas of Lycoming County (trial court) that dismissed the Bank's mandamus action in reliance on an earlier order that dismissed the Bank's exceptions to a sheriff's schedule of distribution. The issue as presented by the Bank is whether the common pleas court erred in dismissing the Bank's mandamus claim and exceptions to the sheriff's bill of costs where the sheriff calculated his sales commission in the amount of 136 percent of the amount bid for the real estate at sale rather than the 2 percent as established by applicable law.

In the present case, the Bank obtained a judgment in mortgage foreclosure against Edward H. Keiler and Beryl M. Keiler in the principal amount of $280,349, plus accrued interest of $11,140.03, and attorney's fees as established by the note and mortgage of $42,052.44, recorded as a total of $333,542.12. The Bank filed for a writ of execution in mortgage foreclosure, listing the amount due, executing upon three contiguous parcels of real property that were the subject of the original mortgage. The combined market value of these three parcels is $108,340.

The sheriff levied on the real estate and conducted a duly-advertised sale. The Bank was the sole bidder, at $3,970.50. The sheriff subsequently filed a total bill of costs of $9,388.21, which included a commission under Section 4(b) of the Sheriff Fee Act (Act), Act of July 6, 1984, P.L. 614, *as amended*, 42 P.S. § 21104(b),[1] generally known as poundage, of $5,574.71, or 2 percent of the $333,542.12 total debt that the Keilers owed the Bank. The Bank filed exceptions to the sheriff's bill of costs, contending that the sheriff's poundage was improperly computed on the amount the Keilers owed the Bank rather than on

1. Section 4(b) provides: "**Additional fees.**—Except under subsection (a)(8), the sheriff shall receive as an official fee a commission, based upon the total amount bid for the property, whether paid to the sheriff or credited to the purchaser, of 2% of the first $250,000 and 0.5% of the remaining amount."

the amount bid or credited as set forth in Section 4(b). The Bank subsequently filed a separate action in mandamus seeking to compel the sheriff to refund the overpayment.

The trial court, while indicating its agreement with the Bank's position, nevertheless dismissed the Bank's claims based upon this Court's decision in *York Fed. Sav. and Loan Ass'n v. Anderson,* 157 Pa.Cmwlth. 342, 630 A.2d 59 (1993), *appeal denied sub nom., York Fed. Sav. and Loan Ass'n v. Geiger,* 536 Pa. 649, 639 A.2d 36 (1994). There a three-member panel rejected a similar challenge and interpreted Section 4(b) as permitting the sheriff's poundage to be calculated on the total debt owed to the executing creditor.

In *York Fed. Sav. and Loan Ass'n,* York Federal, the lien creditor, instituted two mortgage foreclosure actions and purchased both properties for its opening bids of sheriff's costs plus $1. York Federal's actual bids on the respective properties were $304.47 and $327.27. The sheriff, pursuant to Section 4(b), charged poundage in the amount of 2 percent of the actual debt owing on each property. The poundage came to $1,826.46 and $1,088.33, respectively. York Federal filed exceptions to the sheriff's commissions, requesting that the amount be reduced to 2 percent of the total amount bid at the sales, or $6.08 and $6.45. The trial court denied York Federal's exceptions. This Court affirmed, reasoning that the language "whether paid to the sheriff or credited to the purchaser," permits the sheriff to charge poundage on an amount greater than the actual bid price. The Court noted that the lien creditor would be credited by the sheriff with the full amount of the outstanding judgment, even where the sheriff received only the amount of the minimum bid. Therefore, the Court held that Section 4(b) permitted poundage to be paid on a sum greater than the actual amount bid, namely the amount of the debt.

In this appeal the Bank requests this Court to reconsider *York Fed. Sav. and Loan*

*Ass'n* on the bases that the plain language of Section 4(b) compels the opposite result and that the application of that holding will lead to absurd results. To support its position, the Bank cites the decision of the Court of Common Pleas of Northumberland County in *Pittsburgh Nat'l Bank v. General Housing Indus., Inc.,* 65 D. & C.2d 175 (1974), which interpreted identical language contained in the predecessor to Section 4(b) as neither explicitly nor implicitly permitting poundage on any amount that exceeds the amount of the bid.[2] In *Pittsburgh Nat'l Bank* the trial court reasoned as follows:

> The sheriff contends that his construction of the words "total amount bid for the property" is to be found in the language that follows, namely: "whether paid to the sheriff or credited to the purchaser." In support of his contention, he argues that the words "or credited to the purchaser" would have no meaning unless he is allowed to include in the computation of his commission an item which may be applied as a credit to the purchaser and the item which may be so applied in a case such as this, he states, is the fair market value of the property. This reasoning has no basis in the language relied on. No such rationalization may change the "total amount bid" to mean something higher than the total amount bid. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.": Statutory Construction Act of November 25, 1972, 1 Pa.S. § 1921(b) [sic].

*Id.,* 65 D. & C.2d at 178–179.

■ Upon reconsideration of the proper statutory construction to be accorded Section 4(b) of the Act, this Court finds the rationale in *Pittsburgh Nat'l Bank* to be persuasive and valid. As noted in 1 Pa.C.S. § 1921(a): "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."

---

**2.** Section 1(b) of the Act of May 9, 1949, P.L. 927 *as amended, formerly,* 16 P.S. § 11301(b), repealed by the Act of April 28, 1978, P.L. 202, provided in pertinent part:

In addition, the sheriff shall charge and receive, as an official fee, a commission charge of two cents on every dollar, based upon the total amount bid for the property, whether paid to the sheriff or credited to the purchaser. . . .

Further, in the absence of any ambiguities, the rules of statutory construction require courts to utilize the obvious meaning of a statute. *Degroot v. Board of Supervisors of Township of Tinicum,* 157 Pa.Cmwlth. 350, 629 A.2d 318 (1993), *appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994).

Section 4(b) clearly and unambiguously states: "[T]he sheriff shall receive as an official fee a commission, based upon the *total amount bid for the property,* whether paid to the sheriff or credited to the purchaser...." (Emphasis added.) Section 4(b) makes no reference to the amount of the debt owed to the executing creditor. If the legislature had intended the sheriff's commission to be based on the total debt owed to the lien creditor, it would have so stated. To the contrary, Section 4(b) is intended only to compensate the sheriff for the work he or she had to perform in conducting the real estate sale, which bears no relationship to the amount of debt the property owner owed to the executing creditor.

As a result, *York Fed. Sav. and Loan Ass'n* was incorrect in permitting the sheriff to calculate poundage based on an amount greater than the actual bid price. Accordingly, it is this Court's holding that the sheriff's commission under Section 4(b) may be calculated only on the total amount actually bid for the property and not on the amount of debt owed to the executing creditor. In view of the foregoing, this Court overrules the decision in *York Fed. Sav. and Loan Ass'n.* The order of the trial court is reversed, and this matter is remanded for further proceedings in connection with the Bank's mandamus action consistent with this opinion.

### ORDER

AND NOW, this 14th day of December, 1995, the order of the Court of Common Pleas of Lycoming County is reversed, and this matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

KELLEY, Judge, dissenting.

I respectfully dissent. I believe that *York Federal Savings and Loan Association* correctly interprets the language of section 4(b).

The majority's interpretation herein concentrates solely on the term "bid" and ignores the crucial language of section 4(b) of "amount ... credited to the *purchaser.*" As pointed out by the court in *York Federal Savings and Loan Association,* the present majority's interpretation of section 4(b) will "lead to the result, in cases where when the purchaser is the lien creditor, that the lien creditor [will] be credited by the Sheriff with the full amount of the outstanding judgment even when the sheriff receive[s] cash from the purchaser only in the amount of the minimum bid. We do not envision that the legislature meant for such an unreasonable result." *York Federal Savings and Loan Association,* 630 A.2d at 61.

Accordingly, I would affirm the order of the trial court on the basis of this court's decision in *York Federal Savings and Loan Association.*

PELLEGRINI, J., joins in this dissenting opinion.