**ADVANTAGE DEVELOPMENT, INC., Appellant**

v.

**BOARD OF SUPERVISORS OF JACKSON TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1996.

Decided Jan. 28, 1997.

Loudon L. Campbell, Harrisburg, for appellant.

Philip P. Lope, Zelienople, for appellee.

Before DOYLE and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

Advantage Development, Inc. (Advantage) appeals an order of the Court of Common Pleas of Butler County dated June 13, 1996 which dismissed Advantage's complaint in mandamus.

An understanding of the underlying procedural history of the case is critical for an understanding of its resolution on appeal. On November 6, 1991, Advantage filed a preliminary subdivision plan with the Jackson Township Planning Commission (the Commission) for the development of 174 townhouse units on its tract of 24.752 acres, known as Perry Pointe. That same day, pursuant to the Jackson Subdivision and Land Development Ordinance (SLD), the Commission gave preliminary approval, with conditions, to the development plan. Significantly, Section 31.39 of the SLD provided that the final plan application must be made within two years of the date of preliminary approval.

On September 17, 1992, the SLD was amended by Ordinance No. 92–9 which made the Commission's role advisory only and vested in the Board of Supervisors (the Board) the exclusive authority to approve or deny subdivision or development plans. Additionally, in June of 1993, the Township enacted its first comprehensive zoning ordinance under which Advantage's proposed development would be effectively prohibited.

Thereafter, on November 16, 1994, Advantage filed an application with the Commission for the approval of its final plan (First Final Plan) which the Commission rejected on December 7, 1995 because the final application was made more than two years after the preliminary approval in violation of Section 31.39 of the SLD. Advantage then applied to the Board which denied the First Final Plan application on January 3, 1995 on the same grounds.

On January 27, 1995, Advantage filed a land use appeal with the Common Pleas Court. Judge George P. Kiester concluded that the two year limit for filing a final application set forth in Section 31.39 of the SLD was inconsistent with Section 508(4)(ii) of the Pennsylvania Municipalities Planning Code [1] (the MPC). Therefore, by order dated June 19, 1995, Judge Kiester remanded the matter to the Board for the purpose of reconsidering Advantage's First Final Plan application.[2]

In compliance with Judge Kiester's order of June 19, 1995, the Commission, on November 1, 1995, reconsidered Advantage's First

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508. Section 508(4)(ii) provides, in essence, that where a preliminary plan for development has been approved, no **subsequent change or amendment** in the zoning, subdivision or other governing ordinance shall be applied to adversely affect the right of the developer to commence and complete the development "in accordance with the terms of such approval **within five years** from such approval." 53 P.S. § 10508(4)(ii) (emphasis added). Of course, Section 31.39 of the SLD was already in the ordinance when the preliminary plan of Advantage was approved by the Commission.

2. Both Advantage and the Board filed appeals with the Commonwealth Court.

On August 17, 1995, the Commonwealth Court quashed both appeals because the June 19, 1995 order was "interlocutory in that it remands the case to the Board ... for reconsideration of the final plan application of Advantage ... and therefore does not dispose of all claims or parties, see Pa. R.A.P. 341(b)(1), and is not otherwise appealable as of right." (Order of the Commonwealth Court, 8/16/95, at 1.)

The Board then filed a motion for reconsideration which the Commonwealth Court quashed as untimely on September 6, 1995.

Final Plan application and then recommended that the application be denied on the grounds that it did not conform with the preliminary plan. On November 15, 1995, Advantage filed a revised plan (Revised Final Plan). The next day, November 16, 1995, the Board denied the **First Final Plan**; at that time, the Board did not act on the **Revised Final Plan.**

On December 12, 1995, the Board filed with the Common Pleas Court a "Notice of Appeal, or in the Alternative, Petition for Certification to Appeal to the Commonwealth Court," requesting that the Court certify its order of June 19, 1995 as final. The next day, December 13, 1995, Advantage filed a land use appeal from the Board's decision of November 16, 1995, denying its First Final Plan application.[3]

On May 1, 1996, Advantage filed an action in mandamus with the Common Pleas Court seeking an order that the Revised Final Plan be deemed approved under Section 508(3) of the MPC, 53 P.S. § 10508(3). Then, on May 14, 1996, Advantage filed a motion for peremptory judgment.

On May 21, 1996, the Board filed preliminary objections to the complaint in mandamus, arguing that because Advantage had appealed the Board's denial of its First Final Plan to the Common Pleas Court and that appeal was pending, Advantage's complaint in mandamus should be dismissed.

By order dated May 22, 1996, Judge Kiester essentially overruled the Board's preliminary objections, remanded the matter to the Board to review the Revised Final Plan, directed the Board to either approve or disapprove that plan within ninety days, and tolled the five-year protection period set forth in Section 508(4) of the MPC "from January 3, 1995 until such time as [Advantage] would ultimately prevail by final Order on the merits of the application." (Common Pleas Court Order, 5/22/96, at 1.)

In response to a "motion to clarify and supplement order" filed by Advantage, Judge Kiester, by order dated June 13, 1996, (1) consolidated Advantage's land use appeal, filed on December 13, 1995, with Advantage's complaint in mandamus, (2) clarified that, with respect to the land use appeal, the matter was remanded and the Board was directed to approve or reject the Revised Final Plan within ninety days of May 22, 1996, and (3) dismissed Advantage's complaint in mandamus.[4]

Both the Board and Advantage have appealed Judge Kiester's June 13, 1996 order to this Court. In addition, each party has filed a motion to quash the appeal of the other.

Following argument, by order dated August 6, 1996, this Court determined that the June 13, 1996 order, insofar as it dismissed the mandamus action of Advantage, was a final, appealable order, and, therefore, denied the Board's motion to quash Advantage's appeal.[5]

---

3. On December 19, 1995, Judge Kiester certified his June 19, 1995 order as final for purposes of appeal to the Commonwealth Court. On that basis, on January 16, 1996, the Board filed an appeal of the June 19, 1995 order with the Commonwealth Court, which we again quashed as interlocutory and which is the subject of a companion opinion and order of this Court filed contemporaneously with the instant opinion and order. *See Advantage Development, Inc. v. Board of Supervisors,* —— A.2d —— (Pa.Cmwlth., No. 159 C.D.1996, filed January 28, 1997).

4. With respect to the dismissal of Advantage's complaint in mandamus, Judge Kiester explained:

[T]his Court finds that the Revised Final Plan was filed with the Township on November 15, 1995, and that the Township has not rendered any decision on said plan as of May 22, 1996, and further that the developer has not granted any extension of time to act; however, in light of the Order hereby entered ... remanding the Revised Final Plan to the Township, the Complaint in Mandamus ... is hereby dismissed. (Common Pleas Court order, 6/13/96, at 2.)

5. At argument before this Court, Advantage withdrew the portion of its appeal relating to Judge Kiester's remand of the land use appeal.

With respect to Advantage's motion to quash the Board's appeal, we concluded that the June 13, 1996 order was interlocutory as to the remand of the land use appeal (for the purpose of considering the **Revised Final Plan**) and that the Board was not aggrieved by Judge Kiester's dismissal of the mandamus action. Accordingly, we granted Advantage's motion to quash and dismissed the Board's appeal.

Accordingly, we must now address Advantage's appeal of Judge Kiester's June 13, 1996 order dismissing its complaint in mandamus.

The sole issue in this appeal is whether Judge Kiester erred in dismissing Advantage's complaint in mandamus because he concluded that Advantage did not have a clear legal right to a deemed approval of its Revised Final Plan pursuant to Section 508(3) of the MPC.

Section 508 of the MPC provides in relevant part:

*All applications for approval of a plat ... whether preliminary or final,* shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the *governing body or the planning agency shall render its decision and communicate it to the applicant not later than 90 days following the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed,* provided that should said next regular meeting occur more than 30 days following the filing of the application, the said 90–day period shall be measured from the 30th day following the day the application has been filed.

. . . .

(3) *Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application* in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of

presentation of communication shall have like effect.

53 P.S. § 10508 (emphasis added).

■■■■ A complaint in mandamus is an appropriate means to obtain recognition of a deemed approval of a proposed land development plan. *Penllyn Lands v. Board of Supervisors,* 162 Pa.Cmwlth. 14, 638 A.2d 332 (1994). To succeed in an action in mandamus, however, the petitioner must demonstrate (1) a clear legal right to the relief requested, (2) that the defendant has a corresponding duty to perform the act, *i.e.,* the act involves no discretion by the defendant, and (3) that the petitioner has no other adequate or appropriate remedy. *Id.*

Advantage argues that the Section 508 90–day period applies to **revised** final plans and, because the Board did not act on its Revised Final Plan within the 90–day limitation, it has a **clear legal right** to deemed approval of that plan under Section 508. Advantage argues that our decision in *Abarbanel v. Solebury Township,* 132 Pa.Cmwlth. 326, 572 A.2d 862, *petition for allowance of appeal denied,* 527 Pa. 651, 593 A.2d 422 (1990) supports its position. In that case, we explained:

[S]ection 508 of the [MPC] ... requires a municipality [to] render a decision on a plan within 90 days or the plan is deemed approved.... If a municipality *allows* a developer to submit a revised plan because of the original plan's deficiencies, *a municipality has an additional 90–day period from the date of filing of the revised plan to render a decision.* (Citations omitted.) (Emphasis added.)[6]

*Id.* 572 A.2d at 864.

In *Abarbanel,* however, we affirmed the municipality's denial of the developer's plan because the developer failed to submit the revised plan in a reasonable and timely manner.

---

6. In *Abarbanel,* we relied on *DePaul Realty Co. v. Borough of Quakertown,* 15 Pa.Cmwlth. 16, 324 A.2d 832 (1974), in which we held that submission of a revised final plan operates to extend the Section 508 90–day period to run from the filing of the revised plan. Since *DePaul* was decided, however, Section 508 has been amended, in rele-

vant part, to provide that the 90–day period runs from "the date of the regular meeting of the governing body or the planning agency (whichever first reviews the application) next following the date the application is filed." 53 P.S. § 10508.

The above-quoted language in *Abarbanel* only states that where a municipality *allows* a developer to submit a revised final plan, and the developer does so in a timely manner, the municipality has an additional 90 days in which to render a decision on the revised plan. *Abarbanel* does **not** stand for the proposition that the submission of each and every revised final plan creates a **clear legal right** in the developer to a decision by the municipality within 90 days.

Moreover, the scope of Section 508's 90-day limitation has been narrowly construed by this Court. For example, in *Degroot v. Board of Supervisors,* 157 Pa.Cmwlth. 350, 629 A.2d 318 (1993), *petition for allowance of appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994), we rejected a landowner's argument that the Section 508 90-day period is applicable to **remanded** plan applications. In that case, we explained:

> Section 508's time provision contains no language regarding subdivision application proceedings in which a trial court *remands* to a planning agency for review and for the making of a record. That section expressly measures the time period with reference to the 'date the application is filed' running to the time of the final municipality decision, in this case that of the governing body. The trial court's order for remand did not require a new application from the landowner, and thus neither the township's ordinance nor § 508 apply in this case. Section 508 contains no language which requires the board to act on *remanded* applications within the MPC's usual ninety-day response period.

*Id.* 629 A.2d at 321 (emphasis in original).

In light of our strict construction of the scope of Section 508 as well as the extraordinary nature of mandamus, we hold that the trial court did not err in concluding that Advantage did not have a clear and legal right to a deemed approval under Section 508 for the Board's failure to act on the Revised Final Plan.

Order affirmed.