ADVANTAGE DEVELOPMENT, INC.

v.

BOARD OF SUPERVISORS OF
JACKSON TOWNSHIP,
Appellant.

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1996.
Decided Jan. 28, 1997.

Philip P. Lope, Zelienople, for appellant.

Loudon L. Campbell, Harrisburg, for appellee.

---

Before DOYLE and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

The Board of Supervisors of Jackson Township (the Board) appeals an order of the Court of Common Pleas of Butler County dated June 19, 1995 which granted the land use appeal of Advantage Development, Inc. (Advantage) and directed the Board to reconsider Advantage's final development plan filed on November 16, 1994. Also before the Court is Advantage's motion to quash the Board's appeal on the grounds that the Common Pleas Court's order of June 19, 1995, is interlocutory.

The extensive background facts are as follows. On November 6, 1991, Advantage filed a preliminary subdivision plan with the Jackson Township Planning Commission (the Commission) for the development of 174 townhouse units on its tract of 24.752 acres, known as Perry Pointe. That same day, pursuant to the Jackson Subdivision and Land Development Ordinance (SLD), the Commission gave preliminary approval, with conditions, to the development plan. Significantly, Section 31.39 of the SLD provided that the final plan application must be made within **two years** of the date of preliminary approval.

On September 17, 1992, the SLD was amended by Ordinance No. 92–9, which made the Commission's role advisory only and vested in the Board the exclusive authority to approve or deny subdivision or development plans. Additionally, in June of 1993, the Township enacted its first comprehensive zoning ordinance under which Advantage's proposed development would be effectively prohibited.

Thereafter, on November 16, 1994, **three years** after approval of its preliminary plan, Advantage filed an application with the Commission for the approval of its final plan (First Final Plan), which the Commission rejected on December 7, 1995, because the final application was made more than two years after the preliminary plan had been approved, in violation of Section 31.39 of the

SLD. (Reproduced Record (R.R.) at 11a.) Advantage then applied to the Board which denied the First Final Plan application on January 3, 1995, on the same grounds. (R.R. at 21a.)

On January 27, 1995, Advantage filed a land use appeal with the Common Pleas Court. Judge George P. Kiester concluded that the two-year limit for filing an application for a final plan set forth in Section 31.39 of the SLD was inconsistent with Section 508(4)(ii) of the Pennsylvania Municipalities Planning Code[1] (the MPC) and, therefore, by order dated June 19, 1995, Judge Kiester remanded the matter to the Board for the purpose of reconsidering Advantage's First Final Plan application. Both Advantage and the Board filed appeals with this Court.

On August 17, 1995, the Commonwealth Court quashed both appeals because the June 19, 1995 order was "interlocutory in that it remands the case to the Board ... for reconsideration of the final plan application of Advantage ... and therefore does not dispose of all claims or parties, see Pa. R.A.P. 341(b)(1), and is not otherwise appealable as of right." (Order of the Commonwealth Court, 8/17/95, at 1.)

The Board then filed a motion for reconsideration which we quashed as untimely on September 6, 1995.

In compliance with Judge Kiester's order of June 19, 1995, the Commission, on November 1, 1995, reconsidered Advantage's First Final Plan application and then recommended that the application be denied on the grounds that it did not conform with the preliminary plan. (R.R. at 31a.) On November 15, 1995, Advantage filed a revised plan (Revised Final Plan). The next day, November 16, 1995, the Board denied the **First** Final Plan; at that time, the Board did not act on the **Revised** Final Plan, (R.R. at 44a), nor has it ever acted on that application.

On December 12, 1995, the Board filed with the Common Pleas Court a "Notice of Appeal, or in the Alternative, Petition for Certification to Appeal to the Commonwealth Court," requesting that the Court certify its order of June 19, 1995, as final. (R.R. at 59a.) The next day, December 13, 1995, Advantage filed a land use appeal with Common Pleas from the Board's decision on November 16, 1995, denying its First Final Plan application.

On December 19, 1995, Judge Kiester certified his June 19, 1995 order as final for purposes of appeal to the Commonwealth Court.[2] (R.R. at 63a.)

On January 16, 1996, the Board filed with this Court the present appeal of the June 19, 1995 order of Common Pleas. And, on January 29, 1996, Advantage filed the present motion to quash the Board's appeal, which we directed the parties to address, with the merits of the appeal, at oral argument on November 18, 1996.

We turn first to Advantage's motion to quash in which Advantage argues that Judge Kiester erred when he certified his order of June 19, 1995, as a final order. Specifically, Advantage argues that Pa. R.A.P. 341(c)(1) requires that an order of finality be entered within thirty days of the original order. Rule 341(c)(1) provides in relevant part:

> An order may be amended to include the determination of finality within 30 days of entry of the order. A notice of appeal or a petition for review may be filed within 30 days after entry of an order as amended....

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508. Section 508(4)(ii) provides, in essence, that where a preliminary plan for development has been approved, no **subsequent change or amendment** in the zoning, subdivision, or other governing ordinance shall be applied to adversely affect the right of the developer to commence and complete the development "in accordance with the terms of such approval **within five years** from such approval." 53 P.S. § 10508(4)(ii) (emphasis added). Of course, Section 31.39 of the SLD was already in the ordinance when the preliminary plan of Advantage was approved by the Commission.

2. Thereafter, on January 8, 1996, Advantage filed a motion for reconsideration of Judge Kiester's December 19, 1995 order. On February 15, 1996, Judge Kiester granted Advantage's motion for reconsideration and scheduled a hearing on that motion; however, on March 6, 1996, Judge Kiester cancelled that hearing in light of the Board's pending appeal before this Court.

Pa. R.A.P. 341(c)(1). Because the order of finality in the instant case was entered on December 19, 1995, obviously more than thirty days after the June 19, 1995 order, Advantage argues that the latter order remained interlocutory.

The Board does not dispute that Judge Kiester's December 19, 1995 order of finality did not conform with the certification requirements set forth in Pa. R.A.P. 341(c)(1), but, nonetheless, argues that Judge Kiester's certification of the June 19, 1995 order as final was proper in light of the Official Note to Rule 341. The Note provides as follows:

> The failure of a party to apply to the administrative agency or lower court for a determination of finality pursuant to Subdivision (c), shall not constitute a waiver and the matter may be raised in a subsequent appeal *following the entry of a final order* disposing of all claims and all parties. (Emphasis added.)

Contrary to the Board's argument, however, the Official Note merely clarifies the fact that, in this case, the Board has not waived the substantive underlying issue of the validity of the Township's zoning ordinance and may still appeal from an adverse determination of that issue *in the final order* upon that basis.[3] Clearly, the Note following Rule 341 does not authorize the Board to appeal an *interlocutory* order. Accordingly, we reject the Board's argument and grant Advantage's motion to quash the Board's appeal.

### ORDER

NOW, January 28, 1997, the appeal of the Board of Supervisors of Jackson Township in the above-captioned matter is hereby QUASHED.

---

3. As a result of the disposition of the instant appeal, as well as the companion appeal, *Advantage Development, Inc. v. Board of Supervisors,* 688 A.2d 759 (Pa.Cmwlth.1997), we believe that it would be instructive to observe that the merits of the substantive issues, *viz.* whether the local ordinance is inconsistent with the MPC Section 508(4)(ii), and whether the First Final Plan is substantially at variance with Advantage's preliminary plan, have yet to be addressed by the Common Pleas Court. As a result of our orders which have quashed the Board's appeal and affirmed the trial court's dismissal of the companion mandamus action, the substantive issues should now be litigated before the Common Pleas Court pursuant to Advantage's pending land use appeal from the Board's decision rendered on November 16, 1995, to deny its First Final Plan.