## ADVANTAGE DEVELOPMENT, INC.

v.

## BOARD OF SUPERVISORS OF JACKSON TOWNSHIP, Appellant.

Commonwealth Court of Pennsylvania.

Argued Nov. 4, 1999.

Decided Jan. 4, 2000.

Blaine A. Lucas, Pittsburgh, for appellant.

Loudon L. Campbell, Harrisburg, for appellee.

Before FRIEDMAN, J., LEADBETTER, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

The Board of Supervisors of Jackson Township (Township) appeals from an order of the Court of Common Pleas of Butler County (trial court), which granted Advantage Development, Inc.'s (Developer) motion for peremptory judgment on its complaint in mandamus and deemed approved Developer's revised final subdivision plan (Revised Final Plan) because the Township's denial of the Revised Final Plan did not satisfy section 508(2) of the Pennsylvania Municipalities Planning Code (MPC).[1] We reverse.

This case boasts a tortuous history, including at least three land use appeals and two complaints in mandamus filed with the trial court, as well as at least four appeals to this court. For the purpose of providing a context for our review of the trial court's decision under consideration here, we highlight the salient points of that history.[2] This case began in November of 1991, when Developer filed a preliminary subdivision plan approved by the Township for construction of townhouses.[3] However, Developer did not file its application for final plan approval (First Final Plan) until November of 1994. Because the Township's Ordinance required Developer to file an application for final plan approval within two years of the preliminary plan approval, the Township rejected Developer's First Final Plan in January of 1995. Developer appealed to the trial court, which held that the Township's two-year limit was inconsistent with section 508(4)(ii) of the MPC, 53 P.S. § 10508(4)(ii), and remanded the matter to the Township to reconsider Developer's First Final Plan.[4]

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508(2).

2. A more detailed history of this case may be found at *Advantage Development, Inc. v. Board of Supervisors of Jackson Township (Advantage II),* 688 A.2d 759 (Pa.Cmwlth.), *appeal denied,* 549 Pa. 704, 700 A.2d 443 (1997).

3. Developer intends to construct 174 townhouse units on its tract of 24.752 acres, known as Perry Pointe. *Advantage II. See also* Complaint in Mandamus. (R.R. at 3a.)

4. The parties filed cross-appeals to the Commonwealth Court from this remand order, and on August 17, 1995, we quashed both appeals as interlocutory. On December 19, 1995, on request by the Township, the trial

In accordance with the trial court's remand, the Township's Planning Commission reconsidered Developer's First Final Plan and recommended that it be denied because it did not conform to Developer's preliminary plan. The Township agreed with that recommendation and, on November 16, 1995, rejected Developer's First Final Plan. On December 13, 1995, Developer filed a land use appeal from the Township's rejection of its First Final Plan with the trial court. However, on November 15, 1995, the day before the Township rejected Developer's First Final Plan, Developer filed a Revised Final Plan with the Township. Thus, the Township was in the anomalous position of having to consider Developer's Revised Final Plan while Developer's land use appeal of Developer's First Final Plan was pending with the trial court.

Making matters even more confusing, on May 1, 1996, Developer filed a complaint in mandamus with the trial court, seeking an order that its Revised Final Plan be deemed approved under section 508(3) of the MPC, 53 P.S. § 10508(3), because the Township failed to act on the Revised Final Plan within ninety days. On May 14, 1996, Developer filed a motion for peremptory judgment. In response, the Township filed preliminary objections to Developer's

complaint in mandamus, arguing that, because Developer's appeal from the Township's denial of the First Final Plan still was pending before the trial court, Developer's complaint in mandamus regarding its Revised Final Plan should be dismissed. The trial court employed a practical solution to eliminate the confusion of having two plans concerning the same property at different procedural stages. By order of June 13, 1996, the trial court consolidated Developer's land use appeal regarding the First Final Plan and Developer's complaint in mandamus regarding the Revised Final Plan. With respect to the land use appeal, the trial court remanded the matter to the Township to review Developer's Revised Final Plan and directed the Township to conduct its review within ninety days of May 22, 1996. Finally, the trial court dismissed Developer's complaint in mandamus with respect to the Revised Final Plan.[5]

On October 16, 1996, the Township voted to deny Developer's Revised Final Plan. The Township notified Developer of the denial by letter dated October 22, 1996; as the rationale for the Township's denial, the letter incorporated by reference the findings and recommendations from the Township Engineer's Report. From that denial, Developer filed a land use appeal,[6] as well

---

court certified its June 19, 1995 order remanding the matter to the Township as a final order for purposes of appeal to the Commonwealth Court. On January 16, 1996, the Township again appealed the trial court's remand order to this court. We quashed the appeal because the trial court's order of finality was entered more than thirty days following the appealed from order, contrary to Pa. R.A.P. 341(c)(1). *Advantage Development, Inc. v. Board of Supervisors of Jackson Township (Advantage I)*, 688 A.2d 1237 (Pa. Cmwlth.1997).

**5.** Both parties appealed the trial court's June 13, 1996 order to this court. We dismissed the Township's appeal because: (1) the order remanding Developer's land use appeal from the rejection of its First Final Plan was interlocutory; and (2) the Township was not aggrieved by the dismissal of Developer's mandamus action. With respect to Developer's

appeal of the trial court's dismissal of its mandamus action, we ruled that Developer did not have a clear legal right to have the Township decide on Developer's Revised Final Plan within ninety days, and, therefore, we affirmed the trial court's dismissal of the mandamus action. *Advantage II*. Specifically, we: (1) stated that submission of each and every revised final plan does not create a clear legal right in the developer to a decision by the municipality within 90 days, and (2) relying on *Degroot v. Board of Supervisors of Township of Tinicum*, 157 Pa.Cmwlth. 350, 629 A.2d 318 (1993), *appeal denied*, 537 Pa. 635, 642 A.2d 488 (1994), we stated that section 508's 90–day limitation is not applicable to remanded plan applications. *Advantage II*, 688 A.2d at 762.

**6.** The land use appeal was filed on November 15, 1996. (Complaint in Mandamus and Answer at ¶ 13, R.R. 4a and 29a.)

as a complaint in mandamus,[7] in the trial court. In the complaint in mandamus, Developer claimed that its Revised Final Plan must be deemed approved under section 508(3) of the MPC, 53 P.S. § 10508(3),[8] because the Township's denial letter "does not specify the defects found in the application and describe the requirements which had not been met, and it did not cite to the provisions of the ordinance," as required by section 508(2) of the MPC, 53 P.S. § 10508(2). (R.R. at 4a.) The Township filed an answer denying that section 508(2) of the MPC, 53 P.S. § 10508(2), applied to remanded plans such as Developer's Revised Final Plan; in the alternative, the Township stated that its denial letter satisfied the requirements of section 508(2) of the MPC because the letter incorporated by reference the Township Engineer's Report. (R.R. at 27a–31a.)

Thereafter, Developer filed a motion for peremptory judgment contending that a denial letter that, by itself, does not specify a plan's defects or cite to the ordinance violated, may not satisfy section 508(2) of the MPC by incorporating by reference other documents. (R.R. at 40a.) The trial court agreed. Relying on *Warwick Land Development, Inc. v. Board of Supervisors of Warwick Township, Chester County,* 695 A.2d 914 (Pa.Cmwlth.), *appeal denied,* 549 Pa. 709, 700 A.2d 446 (1997), the trial court held that the Township's incorporation by reference of its Engineer's Report did not satisfy the requirements of section 508(2) of the MPC, 53 P.S. § 10508(2), because the Township's decision did not set "forth within the four corners of the document the reasons for denial with citation to specific ordinances and statutes." (Trial court op. at 3, R.R. at 92a.) Accordingly, the trial court granted Developer's motion for peremptory judgment.

In a June 2, 1999 supplemental opinion, the trial court addressed the Township's argument that section 508(2)'s requirements were not applicable to Developer's Revised Final Plan because it was a remanded application. The Trial court explained that the Revised Final Plan was the equivalent of a new application, not a remanded application as urged by the Township. Further, the trial court concluded that, even if the Revised Final Plan were a remanded application, section 508(2) of the MPC, 53 P.S. § 10508(2), still was applicable. (R.R. at 98a.) The Township now appeals to this court.

■ In reviewing a trial court's grant of peremptory judgment in a mandamus action, our scope of review is limited to determining whether the trial court abused its discretion. *Borough of Plum v. Tresco,* 146 Pa.Cmwlth. 639, 606 A.2d 951 (1992). An abuse of discretion exists where the judgment was entered based upon a misapplication or misinterpretation of the law. *Id.* In determining whether the trial court misapplied or misinterpreted the law, we must look to the law governing mandamus actions. *See id.*

■ "Mandamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty." *Borough of Plum,* 606 A.2d at 953. In order to prevail in an action for mandamus, the plaintiff must demonstrate: (1) a clear legal right, (2) a corresponding duty in the defendant, and (3) the absence of any other appropriate or adequate remedy. *Equitable Gas Co. v. City of Pittsburgh,* 507 Pa. 53, 488 A.2d 270 (1985).

■ Peremptory judgment in a mandamus action is appropriate only where there exists no genuine issue of material fact and where the case is clear and free

7. The complaint in mandamus was filed on September 29, 1997. (R.R. at 1a.)

8. Section 508(3) of the MPC, 53 P.S. § 10508(3), provides in pertinent part:

Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented. . . .

from doubt. *Borough of Plum.* Here, as the moving party, Developer had the burden of demonstrating that no genuine issue of material fact exists and that it was entitled to judgment as a matter of law. *See id.* Also, we must examine the record in the light most favorable to the Township, as the non-moving party. *See id.* In considering the Township's arguments on appeal, we keep these principles in mind.

■ The Township first argues that the trial court erred in finding section 508(2) applicable to remanded plans. Relying on *Degroot v. Board of Supervisors of Township of Tinicum,* 157 Pa.Cmwlth. 350, 629 A.2d 318 (1993), *appeal denied,* 537 Pa. 635, 642 A.2d 488 (1994), the Township asserts that section 508 of the MPC, 53 P.S. § 10508, does not apply to denial letters on plans that have been remanded by courts to municipalities for decision. We disagree.

In *Degroot,* we held that, in contrast to decisions on new applications, municipalities are not bound by section 508's ninety-day limit in rendering decisions on remanded plans. The rationale behind the inapplicability of the ninety day limit on a municipality's consideration of remanded plans is that such a limitation would infringe on the trial court's discretion to designate a time period for plan approval or denial in the remand order. However, this same rationale does not apply to section 508(2)'s other requirements; therefore, those requirements apply with equal force to new and remanded plans.

■ Section 508(2) mandates that, when a municipality fails to approve a subdivision plan, the municipality's decision shall specify the plan's defects "and describe the requirements which have not been met and shall, in each case, cite to

the provisions of the statute or ordinance relied upon." 53 P.S. § 10508(2). Applicants whose plans are denied have a right to a denial letter that comports with section 508(2) so that they can effectively appeal the denial to the trial court. *Dobrinoff v. Board of Supervisors of Franklin Township, York County,* 136 Pa. Cmwlth. 282, 582 A.2d 1156 (1990). "Without reasons for denial, neither the developer nor the trial court [can] know why the [b]oard denied the application and cannot determine whether the denial was proper." *Id.* at 1159. Thus, because the Township's decision denying Developer's Revised Final Plan was required to comply with section 508(2) of the MPC,[9] we must determine whether the Township's decision satisfied those requirements.

■ It is undisputed that the Township's denial letter, standing alone, fails to comport with section 508(2)'s mandate that **"the decision** shall specify the defects found … and describe the requirements which have not been met and shall … cite to the provisions of the statute or ordinance relied upon." 53 P.S. § 10508(2). (Emphasis added.) Characterizing the denial letter as the entire decision, Developer maintains that the letter does not meet section 508(2)'s requirements. However, the Township contends that, because its denial letter does not stand alone but, instead, incorporates by reference the attached Engineer's Report as part of the decision, its denial letter satisfies section 508(2) of the MPC. We agree.

In arguing otherwise, Developer, like the trial court, relies upon *Warwick Land Development, Inc. v. Board of Supervisors of Warwick Township, Chester County,* 695 A.2d 914 (Pa.Cmwlth.), *appeal denied,* 549 Pa. 709, 700 A.2d 446 (1997), for the proposition that incorporation by reference

---

9. Although the trial court found that the Revised Final Plan was not a remanded application but "equivalent to a new application for approval," it correctly pointed out that section 508(2) applies to both remanded and new applications. (Trial court's op. of June 2, 1999 at 3, R.R. at 100a.) Because it does not

impact on the outcome of this case, we do not decide the question of whether Developer's Revised Final Plan was a remanded plan or the equivalent of a new application. Nor do we decide whether the Township's denial of the Revised Final Plan on October 22, 1996 was timely.

may not be used to satisfy section 508(2)'s requirements, stating:

> The denial letter must independently meet the requirements of section 10508(2) by setting forth within the four corners of the document the reasons for denial with citations to specific ordinances and statutes. Incorporation of other documents by reference that set forth possible reasons for denial and a recommendation that the plan not be approved does not satisfy the requirements of section 10508(2).

(Trial court op. Apr. 6, 1999 at 2–3, R.R. at 91a–92a.) (Citation omitted.) We do not agree that *Warwick* supports Developer's position.

In fact, in *Warwick*, we specifically declined to hold that incorporation by reference could **never** be used to meet the requirements of section 508(2). Rather, we held that, **in the circumstances presented in that case**, the board of supervisors' incorporation of documents by reference failed to meet the requirements of section 508(2). In *Warwick*, the denial

letter referred to four documents but attached only three. The three attached documents included the township planning commission's recommendations, which did not cite to any ordinance provisions supporting denial of the developer's preliminary plan, and a letter between two supervisors, which also did not cite to any ordinance provisions justifying denial. The third document was a review letter, apparently from the township's engineer, which, although including forty-two objections, still failed to meet the requirements of section 508.2.[10]

Here, in sharp contrast, the Township's denial letter [11] incorporates by reference a single document – its attached sixteen page Engineer's Report, which comports fully with the mandate of section 508(2). In fifty-three separately numbered paragraphs, the Engineer's Report explains how the Revised Final Plan fails to conform to the Township Ordinance and specifically references the sections of the Ordinance violated.[12] (R.R. at 13a–19a.) The Engineer's Report also explains, in sixty-four separately numbered para-

---

**10.** For some of the 42 objections, the letter did not cite any ordinance or statute; for others, the citation was incomplete or incorrect. For the objections where the letter did cite specific ordinance provisions, the letter did not state that the plan did not meet those requirements or state in what manner the plan failed to meet those requirements. Also, the letter did not recommend outright denial, but directed the township's solicitor to review the plan with an eye toward future approval. *Id.*

**11.** The Township's denial letter provides in pertinent part:

> The defects found in the Revised Final Plan, the requirements which have not been met, and the pertinent provisions of the Subdivision and Land Development Ordinance relied upon are detailed in the report of Widmer Engineering, Inc. dated October 1, 1996 which is attached hereto and is incorporated herein.
> Among other things, the entire site layout has been completely revised in the November 15, 1995 submission, including the street locations, dwelling locations, number

of dwellings, location of utilities, type of utilities, locations of easements, stormwater management facilities, erosion control facilities, and the entire grading plan. The site's access points have also been changed. Upon review of the approved preliminary plan and the Revised Final Plan submitted November 15, 1995, the Jackson Township Board of Supervisors followed the recommendation of the Jackson Township Planning Commission and the Township Engineer and has accepted and incorporated in its decision the detailed report of the Township Engineer dated October 1, 1996 and in reliance thereon disapproves the Revised Final Plan application.
(R.R. at 7a–8a.)

**12.** For instance, paragraph 2 states that the Revised Final Plan does not note the required maximum building height or indicate a proposed height that conforms to section 51.2 of the Ordinance. (R.R. at 13a.) Paragraph 10 states, "The proposed water system design does not include any information to determine conformance with the hydraulic standards of Section 53.2." (R.R. at 14a.)

graphs, how the Revised Final Plan fails to conform to the Stormwater, Grading and Erosion Control Standards of the Ordinance.[13] (R.R. at 19a–25a.) Accordingly, unlike the circumstances in *Warwick*, where the township's decision letter incorporated documents failing to meet section 508(2)'s standards, here, the Township's decision, through incorporation of the Engineer's Report, satisfies the requirements of section 508(2) by specifying the Revised Final Plan's defects and describing the Ordinance requirements which have not been met.[14]

Examining the Township's decision denying Developer's Revised Final Plan in the light most favorable to the Township, we conclude that the Township's decision facially[15] satisfies the requirements of section 508(2); thus, Developer did not satisfy its burden in a mandamus action of proving a clear, legal right to have its Revised Final Plan deemed approved.

For the foregoing reasons, we reverse the order of the trial court granting Developer's motion for peremptory judgment and deeming approved Developer's Revised Final Plan.[16]

## ORDER

AND NOW, this 4th day of January, 2000, the order of the Court of Common Pleas of Butler County, dated April 6, 1999, is reversed.

Judge LEADBETTER concurs in the result.

13. For instance, paragraph 63 states:

An Erosion and Sedimentation Control Plan has not been provided for the revised final plan. Although the plans contain sheets which are labelled as E & S Plans, they are completely inadequate and incomplete as they provide no designs, locations, dimensions, etc. for phase lines, stockpiles, temporary grading, silt fence, sediment trap specifications, etc. (§ 32.15, 48).
(R.R. at 25a.)

14. We would agree with the trial court that a report setting forth only "possible reasons for denial and a recommendation that the plan not be approved does not satisfy the requirements of section" 508(2). (Trial court op. Apr. 6, 1999 at 3, R.R. at 92a.) However,

that is not the case here; the attached Engineer's Report did more than set forth only "possible reasons for denial;" it provided specific reasons for denial. Also, the Township's cover letter made clear that the Township adopted as its own decision its engineer's recommendation not to approve Developer's Revised Final Plan.

15. Our decision in this matter does not preclude Developer from contesting the validity of each of the specified defects and unmet requirements in Developer's land use appeal, apparently, still pending in the trial court.

16. Because Developer's complaint in mandamus does not assert any alternative grounds for relief, we need not remand this matter for further proceedings.