# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CRG Services Management, LLC　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
Lowhill Township,　　　　　　　　:　No. 1091 C.D. 2023
　　　　　　　　Appellant　　　　:　Argued: May 7, 2024


BEFORE:　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE ELLEN CEISLER, Judge
　　　　　　HONORABLE MATTHEW S. WOLF, Judge

OPINION BY
JUDGE COVEY　　　　　　　　　　　　　　FILED: June 3, 2024


　　　　Lowhill Township (Township) appeals from the Lehigh County (County) Common Pleas Court's (trial court) August 14, 2023 order granting CRG Services Management, LLC's (CRG Services) Motion for Peremptory Judgment (Motion), deeming approved CRG Services' revised preliminary land development plan application (Revised Application) in accordance with Section 508(3) of the Pennsylvania Municipalities Planning Code (MPC),[1] and directing the Township's Board of Supervisors (Board) to issue the paperwork required under state and local law for the purpose of memorializing said deemed approval. The Township presents one issue for this Court's review: whether the trial court erred by granting CRG Services' Motion. After review, this Court affirms.

　　　　CRG Services is the equitable owner of 2951 Betz Court, Orefield, Pennsylvania, a 51-acre tract of land in the Township (Property). On March 14,

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508(3). Section 508(3) of the MPC provides, in relevant part: "Failure of the governing body or agency to render a decision and communicate it to the applicant within the time and in the manner required herein shall be deemed an approval of the application in terms as presented . . . ." 53 P.S. § 10508(3).

2022, CRG Services submitted a preliminary land development plan application (Application) to the Township proposing the construction of a 299,800 square-foot warehouse on the Property. On September 12, 2022, CRG Services submitted the Revised Application to the Township. The County Planning Commission (Planning Commission) held a meeting on September 26, 2022, at which the Planning Commission denied both Applications "until all Planning Commission members ha[d] ample time to review all submissions." Reproduced Record (R.R.) at 1114a. The Township Engineer reviewed the Revised Application and issued a review letter on September 23, 2022 (Engineer's Review Letter).[2]

The Board held a meeting on October 6, 2022, at which it voted to deny the Revised Application. By letter dated October 7, 2022, the Board confirmed its denial of the Revised Application (Denial Letter). The Denial Letter stated, in relevant part:

> In reference to our Board . . . meeting held on October 6, 2022[,] at 6:30 p[.]m[.] at the Fogelsville Volunteer Fire Company.
>
> The Board . . . voted to deny the [Revised Application] for the following reasons[:] Recommendations from our Planning Commission and Engineer. [The] Township also has no legal representation at this time.

R.R. at 1119a.

On January 11, 2023, CRG Services filed in the trial court an Amended Complaint in Mandamus (Amended Complaint). Therein, CRG Services requested the trial court to deem the Revised Plan approved because the Denial Letter did not comport with the mandatory requirements of Section 508(2) of the MPC, 53 P.S. § 10508(2). On January 31, 2023, the Township filed Preliminary Objections to the

---

[2] The Engineer's Review Letter contained five pages of comments. *See* R.R. at 1108a-1112a.

2

Amended Complaint, which the trial court overruled on April 3, 2023. On May 17, 2023, CRG Services filed the Motion and, on June 6, 2023, the Township filed a Response thereto. On August 14, 2023, the trial court granted the Motion, deemed approved CRG Services' Revised Application in accordance with Section 508(3) of the MPC, and directed the Board to issue the paperwork required under state and local law for the purpose of memorializing said deemed approval. The Township timely appealed to this Court.[3]

> Initially,
>
> "[m]andamus is an extraordinary writ and is a remedy used to compel performance of a ministerial act or a mandatory duty." *Council of City of Phila*[.] *v. Street*, 856 A.2d 893, 896 (Pa. Cmwlth. 2004) . . . . Mandamus will issue only where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and no other adequate remedy. *Shaler Area Sch. Dist. v. Salakas*, . . . 432 A.2d 165, 168 ([Pa.] 1981). Peremptory judgment may be entered at any time after the filing of the complaint if the plaintiff's right to judgment is clear. [*See*] Pa. R.C[iv].P. [] 1098.

*Dusman v. Bd. of Dirs. of Chambersburg Area Sch. Dist.*, 113 A.3d 362, 368 (Pa. Cmwlth. 2015). "Peremptory judgment in a mandamus action is appropriate only where there exists no genuine issue of material fact and where the case is clear and free from doubt." *Advantage Dev., Inc. v. Bd. of Supervisors of Jackson Twp.*, 743 A.2d 1008, 1011-012 (Pa. Cmwlth. 2000).

The Township argues that the trial court erred by relying on the four corners rule[4] in making its determination that CRG Services met its burden for peremptory judgment. The Township contends that this strict interpretation is not

---

[3] "[This Court's] review is limited to determining whether the trial court abused its discretion or committed an error of law." *Dusman v. Bd. of Dirs. of Chambersburg Area Sch. Dist.*, 113 A.3d 362, 367 n.4 (Pa. Cmwlth. 2015).

[4] A denial letter must contain all of the MPC's requirements within its four corners. *See* Township Br. at 7.

3

warranted by the Pennsylvania Supreme Court's decision in *Kassouf v. Township of Scott*, 883 A.2d 463 (Pa. 2005), "and decisions interpreting *Kassouf*."[5]  Township Br. at 7.  Rather, the Township asserts that it is sufficient that the developer knows the basis of the plan's denial.

CRG Services rejoins that there is no genuine issue of material fact that the Denial Letter did not comply with Section 508(2) of the MPC.  Specifically, CRG Services retorts that the trial court properly concluded that the Denial Letter did not incorporate by reference any external document that met the requirements of Section 508(2) of the MPC, i.e., the Denial Letter made no explicit reference, by either date or title, to the Engineer's Review Letter, and did not attach that document.  CRG Services further claims that even if an incorporation by reference had occurred, the Engineer's Review Letter did not meet the requirements of Section 508(2) of the MPC.

Section 508(3) of the MPC provides:

> **Failure of the governing body or agency to** render a decision and **communicate it to the applicant** within the time and **in the manner required herein shall be deemed an approval of the application** in terms as presented unless the applicant has agreed in writing to an extension of time or change in the prescribed manner of presentation of communication of the decision, in which case, failure to meet the extended time or change in manner of presentation of communication shall have like effect.

53 P.S. § 10508(3) (emphasis added).  Section 508(2) of the MPC mandates: "When the application is not approved in terms as filed[,] **the decision shall specify the defects** found in the application and **describe the requirements which have not been met and shall**, in each case, **cite to the provisions of the statute or ordinance** relied upon."  53 P.S. § 10508(2) (emphasis added).  Here, the Denial Letter

---

[5] Curiously, the Township does not cite any cases interpreting *Kassouf* in its brief.

provided: "The Board . . . voted to deny the [Revised Application] for the following reasons[:] Recommendations from our Planning Commission and Engineer. [The] Township also has no legal representation at this time." R.R. at 1119a.

In *Kassouf*, the Pennsylvania Supreme Court explained:

> If the reasons for a denial consist of defects which have already been adequately set forth in an engineer's report, or other documentation provided to the developer and available to the municipal authority in its decision-making process, it would be a pointless elevation of form over substance to require the authority to essentially cut-and-paste those conclusions into its own decision letter. There is nothing in Section 508 [of the MPC] or in logic to prevent the authority from making use of such a document through incorporation. A review of the incorporated document should readily reveal whether the decision indeed satisfied the substantive requirements of the statute.
>
> The fact that there is no absolute impediment to incorporation by reference, however, does not mean that any and all references to supporting documentation will provide, as a substantive matter, an adequate articulation of the reasons for a denial for purposes of Section 508(2) [of the MPC].

*Id*. at 472.

Here, as the *Kassouf* Court stated:

> It may well be, as [the Township] suggests, that the surrounding context indicates that the [Board was] referring exclusively or primarily to the [Engineer's Review Letter] . . . . And perhaps it is so that, even without using the language "incorporate by reference," or attaching the incorporated document, the [Board's] decision nevertheless intended to incorporate and rely upon the [E]ngineer's [Review] [L]etter. However, [this Court] agree[s] with [CRG Services] that the [] applicant should not be left to guess at whether the [Board] was truly relying upon an external document in lieu of its own Section 508 [of the MPC] statement. Nor should the applicant be left to guess as to which of multiple

5

documents is the one that would serve as the "incorporated" basis for the decision. **If a municipal authority indeed intends for an external document to serve as the substantive explanation of the basis for its decision**, **it should make that point *explicitly* in the decision letter**, and not ask the applicant, and the court system, to infer the point. Such a plain statement is a very simple task; and because the [Board] did not make clear that such was their intention here, [**this Court**] *must* **reject** [**the Township**'s] **incorporation by reference argument**.

*Id.* at 472-73 (bold and italic emphasis added; footnote omitted); *see also Advantage Dev., Inc.* (the township's denial letter sufficiently incorporated the engineer's report by expressly referencing the report by name and date, and attaching the report to the denial letter).

The fact that the Board's Denial Letter also relies on "[r]ecommendations from [the] Planning Commission[,]" further supports this Court's conclusion that the Board was not *incorporating by reference* any documents, but merely referencing unspecified recommendations. Specifically, the Planning Commission did not prepare any documents, nor did it offer any recommendations but, rather, it denied the Applications to have more time to review them. Thus, the Board was clearly not *incorporating by reference* any Planning Commission documents. Accordingly, if the Board intended to incorporate the Engineer's Review Letter by reference, it should have so stated.

Here, the trial court opined:

As in *Kassouf*, the [D]enial [L]etter issued by the Board . . . in the case sub judice did not include the phrase "incorporate by reference," and the Township Engineer's "recommendations" that purportedly set forth the basis for the Board's decision to reject the [Revised] Application were not attached to the [D]enial [L]etter. Moreover, the [D]enial [L]etter merely refers to "recommendations" from the Township Engineer; there is no reference to the source or date of such "recommendations."

6

. . . .

> Here, the failure of the Board . . . to use the words "incorporate by reference" in the [D]enial [L]etter, along with its failure to attach the Township Engineer's . . . [R]eview [L]etter to the [D]enial [L]etter, do not automatically bar the Board from rejecting the [Revised] Application for the reasons set forth in the [Engineer's] [R]eview [L]etter. Nevertheless, **the Board had an obligation to explicitly identify in the [D]enial [L]etter that it was rejecting the [Revised] Application for the reasons stated in the Township Engineer's . . . [R]eview [L]etter**. It failed to do so, and therefore, the Township Engineer's . . . [Review] [L]etter was not incorporated by reference into the [D]enial [L]etter. Because the [D]enial [L]etter itself did not specify the defects in the [Revised] Application, the [D]enial [L]etter did not comport with the requirements of [Section] 508(2) of the MPC. The Township's failure to render a written decision that comports with the requirements of [Section] 508(2) [of the MPC] entitles CRG [Services] to a deemed approval of the [Revised] Application.

Trial Ct. Op. at 7 (emphasis added). This Court discerns no error in the trial court's reasoning.

This Court notes that the *Kassouf* Court ultimately determined that the developer's plan was not entitled to a deemed approval because "there was an independent and adequate expression of the reasons for denying the application within the four corners of the township commissioners' written decision." *Kassouf*, 883 A.2d at 473. In *Kassouf*, the commissioners' written decision listed 16 specific and independent reasons for rejecting the application, each set forth in a separate, numbered paragraph. Seven of those reasons contained the information required by Section 508(2) of the MPC, i.e., citations to the township's ordinances, the general requirements of the ordinances, and the deficiency in the developer's plan relative to the ordinances. Here, the Board did not include any independent and adequate

7

expression of the reasons for denying the Revised Application within the four corners of the Board's written decision.

For all of the above reasons, the trial court's order is affirmed.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CRG Services Management, LLC :
            :
    v.        :
            :
Lowhill Township,     :  No. 1091 C.D. 2023
    Appellant   :

## O R D E R

AND NOW, this 3rd day of June, 2024, the Lehigh County Common Pleas Court's August 14, 2023 order is affirmed.

_____
ANNE E. COVEY, Judge