Robert E. Anderson and Dorothy A. Anderson, his wife, Appellants *v.* Board of Supervisors of Price Township, Monroe County, Pennsylvania, Appellee.

Argued November 20, 1981, before Judges WIL-LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*David W. Knauer, Robinson, Hoffner & Billick,* for appellants.

*Kennard Lewis, Scanlon, Lewis & Williamson,* for appellee.

*Marc R. Wolfe, Mervine, Brown, Newman, Williams and Mishkin, P.C.,* for intervenor.

OPINION BY JUDGE WILLIAMS, JR., December 22, 1981:

In this appeal from the denial of a subdivision application, landowners Robert and Dorothy Anderson ask this Court to establish both the applicability of Section 508(2) of the Pennsylvania Municipalities Planning Code (MPC),[1] and the relevance of deed restrictions to the adverse decision of the Board of Supervisors of Price Township (Board).

The Andersons own a tract in a subdivision composed entirely of three-acre lots. When the Board denied them permission to further subdivide their land into two 1½ acre plots, the Andersons appealed to the Court of Common Pleas, which affirmed the Board's decision. In assigning error to the opinions below, the landowners allege (1) that the decision of the Board does not comply with the specificity requirements of Section 508(2)[2] of the MPC, and (2) that the Board incorrectly denied approval of the application, not because it contravened any specific provisions of the township's zoning or subdivision ordinance, but because it violated restrictions in the deed.

Our scope of review, when the common pleas court has received no evidence, is limited to ascertainment of whether the Board abused its discretion or com-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(2).

[2] (2) When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

mitted an error of law. *Horst v. Derry Township Board of Supervisors,* 21 Pa. Commonwealth Ct. 556, 347 A.2d 507 (1975). Our examination of this exiguous[3] record leads us to reverse the decision below.

In its opinion, the Board refers to only two provisions of the Price Township Subdivision Ordinance—Article 1, Section 300, entitled "Purpose",[4] and Article 4, "Design Standards and Required Improvements," which encompasses

> conditions favorable to the health, safety, and general welfare of the citizens and for the *harmonious development* of the Township . . . Nearby Developments must be coordinated with existing nearby developments or neighborhoods so that that area as a whole may be developed *harmoniously.* (Emphasis in original.)

This Court has previously declared that citation to materially identical language[5] in another subdivision

---

[3] Although there is no statutory requirement that the Board voluntarily provide a verbatim transcript of testimony, this Court has previously noted that a record containing a mere summary of testimony makes appellate review extremely difficult. To that end we again urge common pleas courts to exercise their discretion in requiring the development of an adequate record. *See Brauns v. Swarthmore Borough,* 4 Pa. Commonwealth Ct. 627, 632, 288 A.2d 833 (1972).

[4] PURPOSE

This Ordinance has been adopted for the purpose of providing for the following:

1. Orderly future growth and development of Price Township.

2. Protection and promotion of safety, health, welfare, convenience, economy, and preservation of the environment.

3. Reduction of foreseeable maintenance and improvement problems.

[5] The language analyzed in *Goodman* was:

A subdivision must be coordinated with exeisting nearby developments or neighborhoods so that the area as a whole may be developed harmoniously.

ordinance does not meet the requirements of Section 508(2) of the MPC.

In *Goodman v. Board of Commissioners of the Township of Whitehall*, 49 Pa. Commonwealth Ct. 35, 41, 411 A.2d 838, 841 (1980), we said that such a provision

> provides no requirement or criterion by which the courts could review a finding of noncompliance with it. The idea of coordinating a subdivision so that the area is 'developed harmoniously' is as nebulous as the supporting provisions found insufficient in Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton, 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975) and Brauns v. Swarthmore Borough, 4 Pa. Commonwealth Ct. 627, 288 A.2d 830 (1972).

In pointing out that such an amorphous criterion as "harmonious development" would render nugatory the judicial doctrine that a subdivision plan must be approved if it complies with applicable regulations, the *Goodman* Court went on to order approval of the preliminary plan, as we do here.

Turning to appellants' second contention, we recognize, as did the lower court, that an application for a subdivision plan which conforms to all the technical requirements of relevant ordinances cannot be denied based on deed restrictions.[6] *Cf. Michener Appeal*, 382 Pa. 401, 115 A.2d 367 (1955).

ORDER

AND Now, the 22nd day of December, 1981, the Order of the Court of Common Pleas of Monroe Coun-

---

[6] *See also, Pennsylvania Liquor Control Board v. Court House Motor Inn, Inc.*, 13 Pa. Commonwealth Ct. 164, 318 A.2d 383 (1974) in which the same limitation was applied to the grant or denial of liquor licenses.

ty, dated March 5, 1981, entered to No. 199, October Term, 1978, is reversed. These proceedings are hereby remanded with the instruction that approval of the subdivision application for Lot 405, Plotting II, Snow Hill Falls, Price Township, be granted.