572 A.2d 862

**Ian A. ABARBANEL, Appellant,**

**v.**

**SOLEBURY TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided April 5, 1990.

William E. Benner, Power, Bowen & Valimont, Doylestown, for appellant.

Stephen B. Harris, with him, David J. Sander, Harris and Harris, Warrington, for appellee.

Before CRAIG and PALLADINO, JJ., and BARRY, Senior Judge.

CRAIG, Judge.

Ian A. Abarbanel (developer) appeals an order of Judge Biester of the Court of Common Pleas of Bucks County which affirmed the Solebury Township Board of Supervisors' denial of the developer's application for approval of a preliminary subdivision plan. The issue is whether the township acted in bad faith in denying the application after allowing one additional time period to bring the plan into compliance with the township's ordinances.

The record indicates that on October 13, 1987, the developer submitted his preliminary subdivision plan for the board's approval. The plan sought to subdivide a 58–acre tract into 37 parcels for single-family homes. The board directed the plan to the township's planning commission, which first reviewed it on November 9, 1987. The commission then deferred the matter to its December 1987 meeting because the township engineer had not completed his report on the developer's plan.

On December 10, 1987, the township engineer submitted his report. The report detailed approximately 40 objections to the developer's plan.[1] On the same day, the commission reviewed both the developer's plan and the township engineer's report, and deferred further action on the plan.

The developer took no additional formal action with the township until January 7, 1988, when the developer's engineer contacted the township and requested a 30–day extension to address the township engineer's objections. During this 30–day extension, the developer did not file a revised plan. Then, by letter of February 10, 1988, the developer requested an additional 60–day extension, and stated that any revisions submitted to the board would be considered as

1. According to the township engineer's report and the board's findings, some of the deficiencies in the developer's plan included: the failure to provide site capacity calculations; the failure to provide proper engineer certification; errors in computing storm water runoff under the township's ordinance; the failure to detail off-site storm water drainage under the township's subdivision and land development ordinance; and procedural errors and design defects in storm water detention basins under the township's zoning ordinance.

a supplement to the original plan, and not a submission of a new plan.

However, as stated in the board's findings, the board considered the developer's request for an second extension as an attempt to keep his 1987 application alive and thus to avoid being subject to land use legislation enacted by the township in 1988. On January 7, 1988, the township had adopted an environmental impact assessment ordinance requiring developers to submit reports on the environmental impact of their development relating to certain environmental issues.[2]

Therefore, because the developer had failed to submit a revised plan after the 30–day extension, and because the developer gave no indication that his revised plans would be promptly submitted, the board denied the developer's application on February 16, 1988. The developer received notice of the board's decision on March 2, 1988.

On March 21, 1988, the developer appealed the board's decision to the trial court, which remanded the matter to the board for determination of whether the board acted in good faith. On remand, the board held public hearings on the matter, and after reviewing the evidence, the board concluded that they acted in good faith in denying the application. The board then issued findings of fact, which the trial court reviewed in affirming the board's determination. This appeal followed.[3]

On appeal, the developer contends that the board failed to act in good faith in reviewing his subdivision plan.

2. Later, the township adopted (1) an ordinance on May 8, 1988, which required proof of adequate sewage disposal in subdivision plans; (2) a new zoning ordinance on June 10, 1988, which reduced the permitted density on the developer's property; and (3) an amendment to the land development and subdivision ordinance on August 2, 1988, which required the dedication of parks and recreational areas by subdivision developers.

3. Where the trial court takes no additional evidence, our scope of review is limited to determining whether the board abused its discretion or committed an error of law. *Anderson v. Price Township*, 63 Pa.Commonwealth Ct. 335, 437 A.2d 1308 (1981).

We note that section 508 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10508, requires a municipality to act on a subdivision plan within a period of time fixed by municipal ordinance. However, regardless of the time set by their own ordinances, a municipality must render a decision on a plan within 90 days or the plan is deemed approved. *See Morris v. Northampton County Hanover Township Board of Supervisors,* 39 Pa.Commonwealth Ct. 466, 395 A.2d 697 (1978). If a municipality allows a developer to submit a revised plan because of the original plan's deficiencies, a municipality has an additional 90–day period from the date of filing of the revised plan to render a decision. *DePaul Realty Co. v. Borough of Quakertown,* 15 Pa.Commonwealth Ct. 16, 324 A.2d 832 (1974).

In the present case, the developer cites *Raum v. Board of Supervisors of Tredyffrin Township,* 29 Pa.Commonwealth Ct. 9, 370 A.2d 777 (1977) and *Township of Plymouth v. County of Montgomery,* 121 Pa.Commonwealth Ct. 303, 550 A.2d 1033 (1988) to support his contention.

In *Raum,* the developer submitted a revised plan which cured defects noted by the township's planning commission. However, because the developer submitted the revised plan at the board's deadline, the board refused to consider the plan. In reversing the board's decision on bad faith grounds, this court stated that:

A municipality has a legal obligation to proceed in good faith in reviewing and processing development plans. The duty of good faith includes discussing matters involving technical requirement or ordinance interpretation with the applicant, and providing an applicant a reasonable opportunity to respond to objections or to modify plans where there has been a misunderstanding or difference of opinion.

*Raum,* 29 Pa.Commonwealth Ct. at 48, 370 A.2d at 798.

In *Township of Plymouth,* the township rejected the county's plan to construct a trash-to-steam plant. The county then submitted a revised plan which cured most of

the township's objections. However, the township refused to consider the revised plan, and this court concluded that the township acted in bad faith in failing to consider the county's revised plan, stating that:

The matter which is significant, and with which the trial judge was concerned, was whether the township gave fair consideration to the application following the previous disposition of this case by this court, or was unlawfully obstructive in the manner condemned by this court in *Raum*....

*Township of Plymouth*, 121 Pa.Commonwealth Ct. at 315, 550 A.2d at 1038.

■ A significant difference between *Raum* and *Township of Plymouth* and this case is that, in the cited cases, the developers submitted their revised plans to the boards, which the boards then refused to consider. In this case, the developer failed to submit a revised plan in a timely manner for the board's determination under § 508. As the trial judge stated:

Both the findings of the Board and the evidence in the case demonstrate that the [developer] had over two months of opportunity to discuss the requirements of the Township as specifically set forth by the engineer's report of December 10, 1987. [Developer's] engineer did not contact the Township Engineer until January 7, 1988 and did not hold a meeting until February 9, 1988 even though there was no Township reason why it could not have been done earlier. The Township Engineer did not deflect the [developer's] engineer from discussions [nor] did he stall or delay any requested meeting or information.

■ Unlike a municipality's duty under § 508, a developer is not specifically bound by any statutory period for submitting revised plans. However, similar to a municipality's duty under *Raum*, a developer has a reciprocal good faith duty to submit revised plans in a reasonable and timely manner, which will enable a municipality to comply with its duties under § 508 and *Raum*.

In this case, the board concluded that the developer failed to submit a revised plan in a reasonable and timely manner. Moreover, the developer gave no firm indication as to when his revised plan would be submitted to the board. Thus, because of the developer's tardiness, and in view of the concepts of reasonable promptness in concluding land use matters reflected in § 508 and *Raum*, the board denied the developer's application.

Because the board made a good faith effort in reviewing the developer's plan, in highlighting the plan's deficiencies, and in providing a reasonable opportunity to cure these deficiencies, we conclude that the board did not abuse its discretion in denying the developer's application.

Accordingly, we affirm Judge Biester's order.

### ORDER

NOW, April 5, 1990, the order of the Court of Common Pleas of Bucks County, No. 88–2280–14, dated September 21, 1989, is affirmed.