

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2006

# Blain v. Radnor

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2698

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Blain v. Radnor" (2006). *2006 Decisions.* Paper 1571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2698

———————

DEIRDRE G. BLAIN,
                              Appellant

v.

TOWNSHIP OF RADNOR;
BOARD OF COMMISSIONERS OF THE TOWNSHIP OF RADNOR;
CLINTON A. STUNTEBECK; WILLIAM A. SPINGLER; JAMES M. PIERCE;
LISA PAOLINO-ADAMS; HARRY G. MAHONEY; GRAHAM D. ANDREWS

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 02-cv-06684
(Honorable Bruce W. Kauffman)

———————

Argued October 18, 2005

Before:  SCIRICA, *Chief Judge*, VAN ANTWERPEN and COWEN, *Circuit Judges*

(Filed February 16, 2006 )

WILLIAM A. DeSTEFANO, ESQUIRE (ARGUED)
Buchanan Ingersoll
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, Pennsylvania 19103

AMY S. KLINE, ESQUIRE (ARGUED)
Saul Ewing
Centre Square West, 38th Floor
1500 Market Street
Philadelphia, Pennsylvania 19102
        Attorneys for Appellant

THOMAS C. GALLAGHER, ESQUIRE (ARGUED)
Holsten & Associates
One Olive Street
Media, Pennsylvania 19063

TERRY RICE, ESQUIRE
Rice & Amon
Two Executive Boulevard, Suite 301
Suffern, New York 10901
        Attorneys for Appellees

---

OPINION OF THE COURT

---

SCIRICA, *Chief Judge*.

In this 42 U.S.C. § 1983 claim arising from a zoning dispute, Appellant Deirdre

Blain appeals the District Court's grant of summary judgment to Radnor Township,

holding no violation of substantive due process. The District Court held the Township's

conduct did not "shock the conscience." We will affirm.

I.

Because we write only for the benefit of the parties, an abbreviated recitation of

the facts will suffice. Blain owned two parcels of land in the Township. She submitted

her subdivision plan for approval on July 2, 1999, and the Planning Commission

recommended denial on November 9, 1999. The recommendation came after neighbors protested the proposed subdivision, even though the acreage for each lot exceeded the minimum required by the Township Subdivision and Land Development Ordinances. The Planning Commission based its recommendation on the Township Engineer's opinion that two provisions of the Ordinances were not satisfied. Blain sought the opinion of the Township Solicitor, who in a voicemail said the plan conformed with the Ordinances, and had said so to the Engineer. Blain claims the Solicitor's oral opinion made plan approval mandatory.

The Board of Commissioners denied the plan on November 22, 1999 (after two previous meetings) for failure to conform to two provisions in the Ordinances (the prohibition on remnants and the requirement that the lots be "conveniently shaped").

The Pennsylvania Municipalities Planning Code (MPC) provides for appellate review of a zoning decision to grant or deny subdivision approval. 53 Pa. Cons. Stat. Ann. § 10508. Blain filed an appeal in the Delaware County Court of Common Pleas on December 14, 1999. On June 8, 2001, the Court of Common Pleas ordered the Board to approve Blain's subdivision plan, finding denial insufficiently supported as a matter of law.

The Township appealed, but withdrew its appeal before briefing. The Resolution authorizing withdrawal of the appeal stated the appeal had been taken in part because of

the interests of some neighbors to acquire development rights in the property, and because the Township was interested in helping neighbors maintain open space.

Having been granted preliminary approval based on the Court of Common Pleas order, Blain submitted a plan for final approval on December 17, 2001. During Planning Commission meetings on January 8 and 22, the Commissioners proposed three changes: adding a sewer line benefitting homes outside the subdivision property; limiting construction on Saturdays; and creating walking paths across the property. One Commissioner threatened to condemn some land for walking paths if Blain did not acquiesce to the request, allegedly reducing the property value. The plan was approved on February 8, 2002, without any of the proposed conditions. Blain filed this § 1983 action. The District Court dismissed, granting the Township's motion for summary judgment.

## II.

### A.

Our review of a grant of summary judgment is plenary. *Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003). Summary judgment is proper if there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). We examine the evidence in the light most

4

favorable to the non-moving party, and resolve all reasonable inferences in her favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

B.

In land-use cases, only executive action that "shocks the conscience" constitutes a substantive due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 401 (3d Cir. 2003); *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004). This standard's stringency reflects maintenance of the proper proportions of constitutional, as opposed to ordinary tort, violations. *Lewis*, 523 U.S. at 847 n.8. In *United Artists*, we noted "[a]pplication of the 'shocks the conscience' standard in this context also prevents us from being cast in the role of a 'zoning board of appeals.'" 316 F.3d at 402 (quoting *Creative Env'ts, Inc. v. Estabrook*, 680 F.2d 822, 833 (1st Cir. 1982).

In *Eichenlaub,* we observed that "the kind of disagreement that is frequent in planning disputes" would not be the kind of disagreement leading to a substantive due process violation. 385 F.3d at 286. There, actions not rising to the "conscience shocking" level involved the following: allegedly applying requirements to appellant's property not applied to other properties, making unannounced and unnecessary inspections and enforcement actions, delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" the appellants. *Id.* The court listed as "conscience shocking" those actions involving corruption or self-dealing,

5

hampering development to interfere with otherwise constitutionally protected activity, bias against an ethnic group, or a "virtual taking." *Id.*

Whether we compare the facts here to the standard addressed in, or the actual facts of, *Eichenlaub*, Blain's allegations are less serious. The frivolous or non-meritorius appeal, condemnation threat, conflict of interest, and improper denial of a subdivision plan alleged here do not rise to the level of impropriety addressed by *Eichenlaub*. Accepting Blain's allegations, we agree with the District Court that the Township's actions were not conscience-shocking.

Blaine contends the Township Board of Commissioners were merely faced with performing a ministerial act, and "failure to perform a ministerial act is per se improper." She alleges that the rationale for the executive's action when the executive fails to perform a ministerial duty, as opposed to discretionary conduct, is irrelevant. *Id.* at 39.

We disagree on two principal grounds. First, we believe the action of Radnor Township, governed by Pennsylvania law, was a discretionary action. Citing language in the MPC, Blain argues the terms of the statute make approval of subdivision plans that conform to an applicable ordinance mandatory. *See* 53 Pa. Const. Stat. Ann. § 10508 (approval of plats).[1] We disagree with Blain's interpretation of the statute. The precise

---

[1]Blain cites the following language:
All applications for approval of a plat . . . shall be acted upon by the governing body or the planning agency within such time limits as may be fixed in the subdivision and land development ordinance but the governing

(continued...)

6

language Blain cites only creates a time limitation for a zoning authority to grant or deny approval. Subsequent language within the same section discusses only the technical requirements a zoning authority must follow when granting or denying approval (for example, written communication to the applicant and adherence to ordinance provisions). Blain has not cited any language in this or any other section of the MPC explicitly limiting a zoning authority's discretion.

The Township Ordinances explicitly grant the discretion that the MPC does not limit. Although Blain argues the Board's discretion is cabined, the Ordinances themselves reflect discretion. Section 255-4 of the Ordinances (construal of provisions) explicitly mandates that, "[i]n interpreting and applying the provisions of this chapter," the Ordinance provisions will "be held to be the minimum requirements for the promotion of the public health, safety, comfort, convenience and general welfare." § 255-4; *see also* § 255-24(B) (incorporating the same language for the actual "standards and requirements" outlined by the provisions, over and above the interpretation of those provisions). To call the Board's actions "ministerial" in nature is to treat the Ordinance's provisions as both the floor and ceiling for the Board's actions. But the explicit reference to "minimum requirements" suggests the Board may be guided by

---

[1](...continued)
  body or the planning agency shall render its decision and communicate it to
  the applicant not later than 90 days [after such application is filed].
53 Pa. Cons. Stat. Ann. § 10508.

considerations of "the promotion of the public health, safety, comfort, convenience, and general welfare." § 255-4.[2]

The cases cited by Blain do not persuade us that we should ascribe to the Board less discretion. Blain cites *Anderson v. Board of Supervisors*, 437 A.2d 1308 (Pa. Commw. Ct. 1981), and *Trojnacki v. Board of Supervisors*, 842 A.2d 503, 511 (Pa Commw. Ct. 2004), to support the proposition that if the subdivision plan complies "with the Municipalities Planning Code (MPC) and the applicable ordinances," the Township "has no discretion to disapprove the plan." Neither case stands for so broad a proposition. In *Anderson*, the Commonwealth Court held a zoning authority's citation to language in the Price Township Subdivision Ordinance—stating the board must make zoning determinations "so that the area as a whole may be developed harmoniously"—was insufficient to meet the specificity requirements of § 10508(2) of the MPC.[3] *Anderson*, 437 A.2d at 1309. The question of adequate specificity in a particular provision, however, differs from the question of discretion. Adequate

_____

[2]The Ordinance also contains provisions explicitly permitting waivers in certain circumstances. *See* §§ 255-24 (E), -11(A). Although these provisions do not themselves give the Board discretion in all circumstances, they point to the fundamentally discretionary scope of the Board's authority.

[3]That section provides:
> When the application is not approved in terms as filed the decision shall specify the defects found in the application and describe the requirements which have not been met and shall, in each case, cite to the provisions of the statute or ordinance relied upon.

53 P.S. § 10508(2).

8

specificity involves whether a zoning authority is within the bounds of its discretion when, in justifying its denial of a plan, it cites to broad language in its ordinances without further comment. Discretion involves whether the zoning authority actually has the authority to determine the reach and application of certain provisions in particular cases. *Anderson* did not consider the question of discretion; it only considered the question of adequate specificity. Because the MPC does not limit a zoning authority's discretion, the Radnor Ordinances contain language explicitly mandating discretion, and the current case involves the exercise of that discretion, *Anderson* does not apply.

Nor does *Trojnacki*. *Trojnacki* would only support the proposition that the Board's actions were "ministerial" if it based its denial of a land use request on an ordinance provision that was itself invalid. *See Trojnacki*, 842 A.2d 503, 511. We are not presented with that case—there is no dispute regarding the validity of any of the Ordinances' provisions. *Trojnacki* is nevertheless relevant. The Commonwealth Court explicitly acknowledged a zoning authority's discretion in denying certain land use requests when the validity of an ordinance's provision is unquestioned. *See Trojnacki*, 842 A.2d at 511 (noting certain land use restrictions allowed by an ordinance were permissible, and holding as a result that "approval by the Board is still . . . discretionary rather than mandatory, and not a simple ministerial act"). Here, the validity of the Ordinances is unquestioned, and the MPC does not limit the Board's discretion.

9

We are also unpersuaded by Blain's attempts to distinguish between "objective" and "subjective" standards in land use ordinances. Citing *Borough of Franklin Park v. Atlas Development Co.,* 497 A.2d 675, 678 (Pa. Commw. Ct. 1985), Blain contends "Pennsylvania law distinguishes between 'objective standards' and those subjective standards 'that are so vague as to be suitable for nothing more than stating general ideals and goals.'" *Franklin Park* does not support this distinction. There, the Commonwealth Court considered only whether "the use of such terms as 'convenient system' and 'fast and efficient'" creates a "judicially reviewable standard." 497 A.2d at 678. In holding the terms did not create such a standard, the court did not discount a land use authority's discretion. On the contrary, the court went on to affirm the borough's discretion, stating the borough "clearly could" use its discretion to "take into consideration" and "weigh" the impact of particular conditions in neighboring municipalities when making decisions concerning, in that case, traffic flow. *Id.* Blain's reading of *Franklin Park* would lead to the conclusion that ordinance provisions must only create objective standards, with presumably objective criteria, and would eliminate any discretion by zoning authorities. But the Commonwealth Court has acknowledged a land use authority's discretion, making Blain's reading of the cited cases inaccurate.

10

Blain cites no case articulating the sharp distinction she advocates; nor does any Pennsylvania court case cited by Blain discuss the "objective" standards she advocates.[4] The only case to state a proposition close to that which Blain urges us to adopt merely reaffirms the "judicial doctrine that a subdivision plan which complies with applicable regulations must be approved." *Goodman v. Bd. of Comm'rs*, 411 A.2d 838, 841 (Pa. Commw. Ct. 1980). But it is not clear from that case, or from any other case Blain cites, that there is a dichotomy between "objective" and "subjective" standards. Nor is this statement in *Goodman* inconsistent with a zoning authority's discretion. The applicable regulation might have criteria that meets the specificity requirement—not so vague that it is essentially standardless and thus unreviewable—and yet be broad enough to allow a board to "consider" and "weigh" the impact of a particular subdivision plan. Not only does this circumstance fall somewhere in between the spectrum of so-called "objective" and "subjective" criteria; it also brings into relief the common-sense importance of the explicit grant of discretion in the Radnor Ordinances. We reject Blain's contention that a zoning board is only permitted to rubber-stamp "objective" ordinance provisions.

We see nothing in this case that would give rise to the lowered due process standard Blain advocates. A lowered standard would stand in tension with both *Lewis*—which seeks to penalize only conduct that is "patently egregious"—and *United*

---

[4]Blain cites an unreported district court case that itself cites to *Anderson* in its discussion of "objective standards." We, however, must follow the Pennsylvania courts' interpretations of Pennsylvania laws.

11

*Artists*—which prevents the federal courts from being turned into "zoning boards of appeal." As *Lewis* noted, reckless behavior is not per se conscience shocking. *Lewis*, 523 U.S. at 848; *see id.* at 849 (noting that "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level," but declining to create or suggest a per se standard.). Neither *Lewis* nor *United Artists* set forth a lowered due process standard.

C.

Blain also claims the District Court erred by 1) making improper findings of fact in favor of the Township, 2) failing to give her all reasonable inferences from the evidence, 3) failing to look at the evidence cumulatively, and 4) ignoring expert testimony. We disagree.

*1. Improper findings of fact in favor of the Township*

Blain alleges the District Court erred in making improper findings of fact in favor of the Township in four ways. First, Blain contends the District Court improperly credits the Township's assertion that the Solicitor Evans did not formally advise the Board when he (Evans) left a voicemail message to Blain's attorney. The District Court found that the Township's decision to ignore the Solicitor's advice was "improper" and that the Township should have heeded the Solicitor's advice. Yet the District Court noted that the opinion given by the Solicitor was not a "formal" opinion. The Solicitor had neither been present at the hearing nor issued a written opinion, which was the Board's normal

12

practice. The District Court acknowledged the Board's failure to seek formal legal advice from either the Solicitor directly or from another source was also improper, but only rose to the level of negligence. We see no error.

Second, Blain argues that, contrary to principles of collateral estoppel, the District Court wrongly ignored the Court of Common Pleas' findings that the Board abused its discretion when it failed to grant preliminary approval of the subdivision plan, and that its actions were arbitrary and capricious. This argument is meritless. Principles of collateral estoppel prevent an issue from being re-litigated between the same parties when that same issue has already been actually litigated. *See Graham v. City of Philadelphia*, 402 F.3d 139, 145 n.5 (3d Cir. 2005). None of the issues litigated in the Court of Common Pleas was relitigated in this case.[5] At issue is whether the Board's actions taken as a whole "shocked the conscience" under the Due Process clause. The Court of Common Pleas never addressed this issue, and the District Court did not address the issues before the Court of Common Pleas. Furthermore, an abuse of discretion finding by a Pennsylvania court in a zoning appeal does not automatically translate into a jury question in a subsequent substantive due process claim.[6] This would ignore our

_____

[5]The Court of Common Pleas found the Board's actions were arbitrary and capricious, violated the duty of good faith, and constituted an abuse of discretion.

[6]A Pennsylvania court's scope of review when a zoning decision is heard on appeal is narrow: "Where the trial court has not taken additional evidence beyond that presented to the zoning hearing board, our scope of review is confined to a determination of whether the zoning hearing board committed a manifest abuse of discretion or an error of law."

(continued...)

13

admonition in *United Artists* that the Courts of Appeals avoid becoming "'zoning board[s] of appeals.'" 316 F.3d at 402. We see no error.

Third, Blain argues the District Court erred by concluding the Board's appeal of the Court of Common Pleas' decision was not conscience-shocking, contending the appeal was "admittedly frivolous." We disagree. Pennsylvania courts have adopted the *Black's Law Dictionary* definition of a "frivolous appeal" in the land-use context. "A frivolous appeal is 'one in which no justiciable question has been presented and the appeal is readily recognizable as devoid of merit in that there is little prospect that it can ever succeed.'" *Abbey v. Zoning Hearing Bd.*, 559 A.2d 107, 112 (Pa. Commw. Ct. 1989) (quoting *Black's Law Dictionary* 601 (5th ed. 1979)). Blain's argument, however, centers not on whether the appeal itself was frivolous, but rather on the motive for appealing, and bases its understanding of the Township's motivation primarily on its withdrawal of the appeal before briefs were due and on the Township's failure to write a brief. We disagree with Blain's analysis. The standard for determining whether an appeal is frivolous is an objective one, and motivation is not an issue. We see no error here.

Fourth, Blain disagrees with the District Court's failure to give weight to the Board's attempts to exact the addition of a sewer line and to limit Saturday construction.

---

[6](...continued)
*Mack v. Zoning Hearing Bd.*, 558 A.2d 616 (1989).

But the fact remains that the final approval did not include these restrictions. Further, these attempted restrictions are not so "patently egregious" that there can be no legitimate justification for their imposition. We agree with the District Court that they do not rise to the level of conscience-shocking behavior.

Fifth, Blain argues the District Court erred when it did not find conscience-shocking the Board's suggestion that Blain's property might be condemned to create walking trails. Blain argues that, because the Board was merely trying to exact a promise for an act she was not required to undertake, its behavior could be considered conscience-shocking by a reasonable jury. We disagree. As the District Court noted, the Board has the power of eminent domain, and was not threatening action outside the scope of its own authority. On these facts, we see no error.

Looking at the facts in the light most favorable to Blain, none of the Township's actions were "patently egregious," and they would thus fail to meet the "conscience shocking" standard set by *Lewis* and *United Artists* and explained in *Eichenlaub*.

2. *Failing to give Blain all reasonable inferences from the evidence*

Blain contends the District Court erred in disregarding evidence concerning the Township's actions—ignoring the Solicitor's opinion, filing and later withdrawing an appeal of the Court of Common Pleas' decision, involving neighbors in an effort to have Blain alter her plan, and improperly imposing conditions on her plan—that a factfinder could reasonably conclude were deliberate attempts to coerce Blain and to "thwart

15

approval" of her plan.  We disagree.  The District Court properly considered each one of these pieces of evidence in coming to its conclusion.  A factfinder would not reasonably be able to conclude the Townships' actions shocked the conscience.  We see no error.

*3. Failing to consider the evidence cumulatively*

Blain argues the District Court erred by not looking at the evidence presented cumulatively, but instead evaluated each piece of evidence in isolation to determine if the given action was conscience shocking.  But even cumulatively, the Townships actions were not patently egregious.

*4. Ignoring Expert Testimony*

Finally, Blain argues the District Court erred in failing to credit and acknowledge her expert's  testimony, a land development expert who stated in his report that the actions of the Board "clearly shock[ ] the conscience of the community."  As the Township notes, the expert's opinion contained the same legal argument advanced in Blain's opposition to the motion for summary judgment.  The expert's opinion creates no more a genuine issue of material fact than does Blain's opposition to the motion.  Even if the District Court were to consider only those portions of the expert's opinions that do not encompass the legal conclusion that the Township's conduct "shocks the conscience" (for example, "[t]he failure to heed the advice of a solicitor . . . is a clear point of departure from accepted practice"), there is nothing in those portions of the expert's opinion that create a genuine issue of material fact.  The District Court acknowledged,

16

consistent with the expert's opinion, that the Board's actions were improper. The

District Court recognized, however, that this impropriety did not rise to the level of

conscience-shocking behavior. We see no error.

III.

We will affirm the District Court's judgment.[7]

---

[7] Judge Cowen reluctantly joins this opinion of the Court. He does so by reason of Internal Operating Procedure of the United States Court of Appeals for the Third Circuit 9.1 which binds every panel to follow prior decisions of the court unless the case goes en banc. He observes in *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392 (3d Cir. 2003), that the Court of Appeals for the Third Circuit for the first time by a vote of 2-1 elevated the applicable standard to review the conduct of a planning board to "shocks the conscience." Prior to *United Artists*, the standard for such conduct was "improper motive" pursuant to this Court's decision in *Bello v. Walker*, 840 F.2d 1124 (3d Cir. 1988). Judge Cowen observes that under the improper motive standard, there was ample, indeed overwhelming evidence, in which a jury could reasonably conclude that the appellees engaged in official misconduct in an effort to hinder, obstruct, and delay the approval of Blain's development plan. Accordingly, Judge Cowen joins the opinion of the Court in this matter but hopes that the standard enunciated in *United Artists* is shortly reviewed by the United States Supreme Court.